IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:                                                Case No. **08-04668-lmj7**

**Al Dwaine Larson,**                                    [UNPUBLISHED]

          Debtor

**MEMORANDUM OF DECISION**
(date entered on docket: September 30, 2011 )

       Creditors John Krusenstjerna and United Warehousing Corporation ("Creditors") object to Chapter 7 Debtor Al Dwaine Larson ("Debtor") claiming a homestead exemption as a beneficiary of a self-settled trust that includes the homestead property in the trust estate. They argue that (1) Debtor failed to disclose that the trust held legal title to the property by scheduling his interest in the homestead property as being held in fee simple rather than as a beneficiary of the trust, and (2) Iowa Code sections 633A.2303 and 633A.2304, that generally would permit creditors to reach assets in a self-settled trust, should prevail over Iowa Code section 561.1(2) that specifically permits a person, who occupies a homestead as a beneficiary of a trust that includes the homestead property, to claim the homestead exempt absent a special declaration of statute to the contrary or (3) Iowa Code section 561.21(1), a special declaration of statute to the contrary that generally allows a homestead to be sold for pre-acquisition debts, applies because Debtor was already a guarantor on his son's liability to the Creditors when Debtor transferred his interest in the homestead property to his revocable trust.

       Debtor's respective counterarguments are that: (1) To the extent there was any omission of his interest in the trust in the schedules that he filed at the outset of this

case, he cured that omission by amending his schedules; (2) The statutory definition of "owner" of a homestead shields homestead property in the corpus of a self-settled trust from the reach of creditors; and (3) The antecedent debt exception would not apply if Debtor's liability to Creditors is deemed to have been contracted at the time Debtor's son defaulted on his liability to the Creditors—a point in time after Debtor transferred his interest in the homestead property to his revocable trust, or, if Debtor's liability is deemed to have been contracted at the time he guaranteed his son's liability—a point in time after Debtor had been residing in the homestead but before he transferred his interest in that property to his trust, the transfer from one form of ownership to another form of ownership should not be equated with an actual waiver or abandonment of his homestead rights.  In any event, Debtor maintains the homestead property is not subject to execution because his non-filing spouse's homestead rights cannot be separated from his rights.

Having reviewed the record and the arguments of the parties, the Court enters its decision in favor of the Debtor.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1134 and the standing order of reference entered by the United States District Court for the Southern District of Iowa.  This is a core matter under 28 U.S.C. section 157(b)(2)(B).

BACKGROUND

In 1997 Debtor and his non-filing spouse acquired Lots 14 and 15 in Eagle Ridge Estates in Johnston, Iowa, and in 1999 they began constructing a house on Lot 15.[1] They have resided in that house continuously since it was completed in June 2000.

---

[1] Lot 14 is 0.4360 acres and Lot 15 is 0.47 acres.  Restrictive covenants prohibit building a residence on Lot 14.  Both the Creditors and the Chapter 7 Trustee ("Trustee") had argued that the lots exceeded the

On July 17, 2006 Chad D. Larson, Debtor's son, entered into a purchase agreement with the Creditors to buy, among other of Creditors' assets, all 500 issued and outstanding shares of United Transportation Services, Inc. On the same date, Debtor signed the agreement as guarantor. By that point in time, Debtor had loaned his son's newly purchased company $15,000.00 for start-up capital.

In August 2006 Debtor and his non-filing spouse decided to update their wills and sought the guidance of an attorney, who advised them to create revocable, inter vivos trusts for probate purposes. On February 16, 2007, after Debtor had loaned his son's company another $30,000.00, Debtor and his non-filing spouse executed their trust agreements. Under the terms of the Al Larson Revocable Trust, Debtor is the settlor, the trustee, and sole beneficiary of the trust.

At the same time they executed the trust agreements, Debtor and his non-filing spouse executed a warranty deed transferring their residence to the trusts. Specifically, they conveyed "a 1/2 interest to Al Larson, Trustee of the Al Larson Revocable Trust and 1/2 interest to Nancy Larson, Trustee of the Nancy Larson Revocable Trust." (Exhibit A at 1.) The deed contained the standard language about "relinquish[ing] all rights of dower, homestead and distributive share in and to the real estate." Id.

Despite Debtor loaning his son's company an additional $160,000.00 between February 23, 2007 and September 29, 2007, the venture failed. In a letter dated

---

Iowa Code section 561.2 one-half acre limit for a homestead located within a city plat. During a telephonic preliminary hearing on the Creditors' and Trustee's objections to exemptions, Debtor represented that he would offer additional funds to resolve the excess acreage issue. Subsequently, Debtor and the Trustee entered into an agreement under which Debtor agreed to pay the Trustee $20,000.00 in order to keep Lot 14. The Trustee filed a motion to compromise his objection to that exemption based on the agreement. The motion and a bar date for objecting to the settlement were served on everyone in the case. After the bar date period passed without any objection being filed, the Court entered an order granting the motion. Accordingly, the Court considers the Creditor's excess acreage argument to be moot.

November 16, 2007, Debtor's son advised Creditors that United Transportation Services, Inc. had ceased operations as of that date. To collect what remained owing under the purchase agreement, Creditors commenced a breach of contract action in state court. The matter was scheduled for trial on December 1, 2008 but was stayed by Debtor filing a petition for relief under Chapter 7 of the United States Bankruptcy Code on November 26, 2008 and by his son doing the same on December 1, 2008.

Along with his petition, Debtor filed schedules and statements. On Schedule A (Real Property), Debtor listed a "Single Family Residence at 6823 River Bend Dr., Johnston, IA 50131" which he described as being held jointly with his non-filing spouse in fee simple and having an unencumbered fair market value of $789,300.00.[2] (Docket No 1.) On Schedule B (Personal Property), Debtor checked "none" at line 19 that covers "[e]quitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A—Real Property." Id. On Schedule C (Property Claimed as Exempt), Debtor claimed the full value of the residence exempt under Iowa Code section 561.16.[3] Id. In paragraph 10(b) of the Statement of Financial Affairs, that requires a debtor to "[l]ist all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary," Debtor reported that "Personal Residence/Estate Planning" had been transferred in February 2007 to

---

[2] According to Debtor's Summary of Schedules, he had total assets of $2,652,554.24, no secured debt, no priority debt, $97,192.09 in unsecured debt, and no disposable income. (Docket No. 1.) Lest the reader wonder if this case should have been subject to an 11 U.S.C. section 707(b)(3)(B) motion to dismiss (abuse of Chapter 7 based on totality of a debtor's financial circumstances), the Court observes that Debtor's debts were primarily business debts. The statute's application is limited to cases in which an individual debtor has primarily consumer debts.

[3] Debtor also referenced Iowa Code sections 561.2 and 499A.18. The former section describes how much property can be included in the homestead exemption. See discussion supra note 1. The latter section provides a homestead exemption for multiple housing. It does not appear to be relevant in this case.

the "Al Larson Trust" and to the "Nancy Larson Trust." Id. On April 28, 2009, the day before the evidentiary hearing on the exemption controversy, Debtor amended Schedule B by adding "Revocable Trust of Al Dwaine Larson" at line 19 and amended Schedule C by claiming the "Revocable Trust of Al Dwaine Larson" exempt under Iowa Code sections 561.16.[4] (Docket No. 51.)

## APPLICABLE STATUTES

11 U.S.C. section 522(b) permits individual states to opt out of the federal exemption scheme. Iowa has done so in Iowa Code section 627.10. Accordingly, this Court must apply Iowa law in ruling on the pending exemption controversy.

Iowa Code section 561.16 provides in relevant part that "[t]he homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary." Iowa Code § 561.16. Iowa Code section 561.1 defines the homestead concept as follows:

> 1. The homestead must embrace the house used as a home by the owner, and, if the owner has two or more houses thus used, the owner may select which the owner will retain. It may contain one or more contiguous lots or tracts of land, with the building and other appurtenances thereon, habitually and in good faith used as part of the same household.
>
> 2. As used in this chapter, *"owner"* includes but is not limited to the person, or the surviving spouse of the person, occupying the homestead as a beneficiary of a trust that includes the property in the trust estate.

Iowa Code § 561.1 (emphasis in the original). The Iowa legislature added subsection 2 to Iowa Code section 561.1 in 2007 and made that subsection applicable retroactively to beneficiaries of trusts in existence on or after July 1, 1997. 2007 Iowa Acts, ch 134, §§ 3, 28.

---

[4] Debtor again cited Iowa Code sections 561.2 and 499A.18.

With respect to debts for which the homestead is liable, Iowa Code section 561.21 provides in relevant part that "[t]he homestead may be sold to satisfy debts of each of the following classes: (1) Those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution." Iowa Code section § 561.21.

Iowa Code sections 561.15 and 597.17 provide additional protection for a spouse of a debtor. Specifically, the first section provides that "[n]either spouse can remove the other nor the children from the homestead without the consent of the other." Iowa Code § 561.15. The second section states that:

> Neither husband nor wife is liable for the debts or liabilities of the other incurred before marriage, and, except as herein otherwise declared, they are not liable for the debts of each other contracted after marriage; nor are the wages, earnings, or property of either, nor is the rent or income of the property of either, liable for the separate debts of the other.

Iowa Code § 597.17.

## DISCUSSION

With certain exceptions, property of a bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A traditional spendthrift trust is an exception. It is excluded from property of the bankruptcy estate as of the commencement of the case because "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2). Debtor readily acknowledges that the Al Larson Revocable Trust does not qualify as a spendthrift trust under the trust provisions Creditors cite or under any applicable nonbankruptcy law, and therefore he agrees that

the trust was not excluded from the bankruptcy estate as of the commencement of this case. Hence, resolution of the pending controversy focuses on whether Debtor may claim his interest in the homestead exempt from the bankruptcy estate. Creditors have the burden of proving that Debtor has not properly claimed the exemption. Fed. R. Bankr. P. 4003(c).

I. Disclosure of Ownership Interest in the Homestead.

Debtor incorrectly listed the residence as being held in fee simple on Schedule A and has not amended that schedule to date; however, Debtor indicated that the residence was transferred to the Al Larson and Nancy Larson trusts in his Statement of Financial Affairs filed at the outset of this case and later amended Schedule B and Schedule C to include the Al Larson Trust. Parenthetically, the Court notes that throughout this exemption controversy Debtor has readily acknowledged that the homestead property is held by his trust and that of his non-filing spouse. Accordingly, even if the Court agreed that the trust provisions cited by Creditors should prevail over the homestead provision upon which Debtor relies, the Court would find that Creditors have not have presented sufficient evidence to establish that Debtor intended to conceal his interest in the homestead as a trust beneficiary in order to avoid liquidation of that property by the Chapter 7 trustee.

II. Impact of the 2007 Amendment to Iowa Code Section 561.1

Relying on In re Theis, 317 B.R. 62 (Bankr. S.D. Iowa 2004) (sustaining Chapter 7 trustee's objection to debtor's claim of exemption in a beneficial interest in a trust—under Iowa exemption statute for interests in life insurance that did not extend to beneficial interests) and In re Estarellas, 338 B.R. 538 (Bankr. D. Conn. 2006)

(sustaining Chapter 7 trustee's objection to debtor's claim of exemption in an equitable interest in a revocable, self-settled, spendthrift trust that held title to debtor's residence—under Connecticut homestead exemption statute that did not extend to equitable rights), Creditors initially contended that Debtor could not claim a homestead exemption as a trust beneficiary because the trust held legal title to the homestead property. Whereas the plain language of subsection (2) of Iowa Code section 561.1 defines an "owner" as including "the person . . . occupying the homestead as a beneficiary of a trust that includes the property in the trust estate" and whereas the subsection applies in this case, the cited case law is of no moment and Creditors' argument is misplaced.

> In their post hearing brief, Creditors state:
>
> In light of applicable bankruptcy law holding that Self Settled Spend Thrift [sic] Trusts are an asset of the bankruptcy estate and in light of the legislative determination that creditors could reach the assets of a Self Settled Revocable Trusts [sic], it could never have been the legislative intent in 561.1(2) to have that section apply to Self Settled Revocable Trusts. Acceptance of the Debtor's position that 561.1(2) was to be applicable to Self Settled Revocable Trusts would render 633A.2303 and 633A.2304 a nullity. This could never have been the legislative intent.

(Docket No. 53 at 3-4.)

Iowa Code section 633A.2303 provides that "[a] term of a trust prohibiting an involuntary transfer of a beneficiary's interest shall be invalid as against claims by any creditors of the beneficiary if the beneficiary is the settlor." Iowa Code § 633A.2303. Iowa Code section 633A.2304(1) provides that "[i]f a settlor is a beneficiary of a trust created by the settlor, a transferee or creditor of the settlor may reach the maximum amount that the trustee could pay to or for the settlor's benefit." Iowa Code § 633A.2304(1). These sections are in sync with applicable bankruptcy law that would

not exclude a self-settled trust from a bankruptcy estate at the outset of the case, but that is not outcome determinative of what subsequently may be exempted from a bankruptcy estate pursuant to applicable exemption law.[5]

Iowa Code section 561.1(2) permits a person occupying a homestead as a beneficiary of a trust that includes the homestead in the trust corpus to claim the homestead exempt under Iowa Code section 561.16. It does not nullify the trust provisions in issue because it does not otherwise address or protect any other property that might be in a trust corpus. Accepting Creditors' position that the Iowa legislature could not have intended that the 2007 amendment include self-settled revocable trusts would nullify the amendment by limiting its application to traditional spendthrift trusts that already could not be reached by creditors whether in a bankruptcy context or a nonbankruptcy context.

III. Date of Liability, Date of Occupancy of Homestead, and Date of Transfer to Trust.

The date a person signs as a guarantor, rather than the date the principal debtor defaults, appears to be the date a debt is contracted for purposes of the antecedent debt exception found in Iowa Code section 561.21(1). See In re Wasteney, 2004 WL 5851525 at *12 (Bankr. S.D. Iowa Aug. 11, 2004) (citing Merchant's Nat. Bank of Clinton v. Eyre, 77 N.W. 498, 499 (Iowa 1898) and summarizing the relevant holding as "surety is deemed a debtor under the section," and citing Kamerick v. Marion County State Bank, 2003 WL 23006949 at *2 (Iowa Ct. App. Dec. 24, 2003) and summarizing the relevant holding as "distinction between surety and guarantor does not make a

---

[5] In addition to the decisions mentioned at the beginning of Part II of the Discussion, Creditors cited Flynn v. Zeitler (In re Zeitler), 2008 WL 619333 (Bankr. S.D. Iowa Feb. 29, 2008) and Molstad v. Masching (In re Tunink), Adv. No. 93-05178 (Bankr. N.D. Iowa April 22, 1993). Those opinions address exclusion issues, not exemption issues.

difference in determination of pre-acquisition debt").[6]  See also In re Takes, 2005 WL 579696 (Bankr. S.D. Iowa Mar. 8, 2005), rev'd, 334 B.R. 642 (N.D. Iowa 2005), aff'd, 478 F.3d 902(8th Cir. 2007) (without discussion or citation, the bankruptcy court, the district court and the circuit court all characterized the date the debtor guaranteed the debt as being the date the debt was contracted).  Thus, for the purpose of this case, the Court will treat the debt in issue as being contracted when Debtor signed the purchase agreement as guarantor on July 17, 2006 rather than when his son defaulted on the agreement in November 2007.  Since Debtor and his non-filing spouse began occupying the homestead property in issue more than six years before Debtor contracted the debt in issue and have continuously occupied that homestead in the interim, the antecedent debt exception can not apply unless Debtor's transfer of his interest in the homestead property to the Al Larson Revocable Trust by warranty deed on February 16, 2007 can be equated with an actual waiver or abandonment of his homestead rights.

Creditors contend that Debtor and his non-filing spouse relinquished their homestead rights by executing the warranty deed.  The reality, however, is that the Debtor and his non-filing spouse neither lost an existing homestead interest nor gained a new homestead interest when they simultaneously executed their trusts.  Each merely changed their form of "ownership" from that of fee simple to that of a beneficiary of a trust—as permitted by Iowa Code section 561.1(2).  In sum, the Creditor's contention does not rebut the presumption that "a homestead once acquired is presumed to continue." In re McClain's Estate, 220 Iowa 638, 262 N.W. 666, 669-70 (Iowa 1935).

---

[6] As of the date this decision was entered, the Westlaw citation for the Kamerick opinion included the following: "NOTICE: FINAL PUBLICATION DECISION PENDING."

IV. Indivisible Spousal Homestead Rights.

"If only one spouse files a liquidation petition, the trustee's right to liquidate the debtor's interest is subject to the same limitations that state law places on the rights of judgment creditors when the state exempts the entire interest of the debtor." Matter of Tyree, 116 B.R. 682, 684 (S.D. Iowa 1990) (citations omitted). There is no dispute that Debtor's non-filing spouse was not a guarantor of the underlying debt and, consistent with Iowa Code sections 561.15 and 597.17, Iowa case law is clear that spouses' rights in a homestead are indivisible. In re Powers, 286 B.R. 726, 728-29 (Bankr. N.D. Iowa 2002); Merchants Mutual Bonding Co. v. Underberg, 291 N.W.2d 19, 21 (Iowa 1980). The Iowa Supreme Court has reasoned:

> Homestead rights are jealously guarded by the law. Wright v. Flatterich, 225 Iowa 750, 756, 281 N.W. 221, 223 (1938). Homestead laws are creatures of public policy, designed to promote the stability and welfare of the state by preserving a home where the family may be sheltered and live beyond the reach of economic misfortune. 40 Am.Jur.2d Homestead s 4, at 118 (1968). Homestead rights are purely statutory and get their vitality solely from the provisions of legislative enactment.
>
> There can be no splitting of homestead rights. The very nature of the doctrine makes such a result intolerable. It is just as destructive of family security to lose half a homestead as all of it. Therefore if Elizabeth's homestead interest is not subject to execution, neither is Irwin's.
>
> We believe this is at the very foundation of our homestead law. The trial court's order holding Irwin's interest subject to execution and Elizabeth's exempt creates a situation which defeats our established public policy. For language supporting this view see Hostetler v. Eddy, 128 Iowa 401, 406, 104 N.W. 485, 487 (1905) (contract for sale of homestead void as to one spouse is also void as to the other.) A creditor who seeks to satisfy his debt out of a homestead must be certain he has a right against the whole property, not just part of it.

Underberg, 291 N.W.2d at 21.

Though this Court has not located any Iowa case law addressing whether spouses who hold their homestead rights as beneficiaries of trusts may claim those

rights are indivisible, the quoted reason for concluding that spousal homestead rights are indivisible relates to family security and not to how spouses hold their homestead rights. Hence, this Court concludes that spouses who convey their homestead to revocable trusts for estate planning purposes, continue to reside in the homestead, and remain married have indivisible homestead rights.

## CONCLUSION

WHEREFORE, for the reasons set forth in this Memorandum of Decision, the Creditors' objection to exemption is overruled.

A separate Order shall be entered accordingly.

/s/ Lee M. Jackwig
LEE M. JACKWIG
U.S. BANKRUPTCY JUDGE

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Chapter 7 Case